UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>              Plaintiff,<br><br>       v.<br><br>**Juan PEREZ-Garcia,**<br><br>              Defendant(s) | Magistrate Case No.<br>08 MJ 0892<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii)<br>Transportation of Illegal Aliens |

The undersigned complainant, being duly sworn, states:

On or about **March 20, 2008,** within the Southern District of California, defendant **Juan PEREZ-Garcia** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Juan Antonio ESPINO-Sanchez, Juan MORALES-Morales,** and **Roberto MORALES-Morales** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **21st** DAY OF **MARCH 2008.**

Leo S. Papas
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

Furthermore, the complainant states that **Juan Antonio ESPINO-Sanchez, Juan MORALES-Morales, and Roberto MORALES-Morales** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On March 20, 2008, Border Patrol Agent S. Pinckney was assigned to the Interstate 15 Northbound corridor. Agent Pinckney was in full duty uniform and in a marked Border Patrol vehicle equipped with emergency lights and siren. At approximately 9:10 a.m. Agent Pinckney was observing northbound traffic on Interstate 15 at the Old Highway 395 overpass when he noticed a black Dodge Durango pass his location.

The vehicle appeared to be extremely heavily laden in the rear. Agent Pinckney pulled up next to the vehicle and observed what appeared to be several individuals ducking down in the back seat. Agent Pinckney then pulled in behind and followed the vehicle. The vehicle then began to accelerate away very quickly reaching speeds in excess of 90 mph. Agent Pinckney decided to initiate a vehicle stop. Agent Pinckney activated his emergency equipment on Northbound Interstate 15 north of Highway 76. The vehicle failed to yield and was then reaching speeds in excess of 100 mph. Agent Pinckney notified Border Patrol dispatch and the North County Smuggling Interdiction Group (SIG) unit of the pursuit. At this time SIG Supervisor A. Velez advised him to continue the pursuit and that other local SIG unit were in position to take over as it approached.

As the suspect vehicle began passing vehicles on the shoulder of northbound Interstate 15, south of Mission Road, Agent Pinckney reduced speed terminated his pursuit of the vehicle. The vehicle then exited at Mission Road near Fallbrook, California. At this time SIG Agent L. Lopez was standing by at the Mission Road off ramp and successfully deployed a controlled tire deflation device. The vehicle turned westbound onto Mission Road and then proceeded to turn on to the Interstate 15 southbound onramp nearly colliding with a CHP motorcycle officer. The vehicle came to rest at this location.

Agent Pinckney approached the vehicle on the driver's side and identified himself as a United States Border Patrol Agent and questioned the driver, who was later identified as the defendant **Juan PEREZ-Garcia**, regarding his citizenship. PEREZ stated he was a citizen of Mexico. Agent Pinckney asked PEREZ if he had any immigration documents that would allow him to be in the United States legally and PEREZ stated he did not. Agent P. Castillo approached the vehicle on the passenger's side and identified himself to the six passengers as a United States Border Patrol Agent and questioned the passengers as to their citizenship. They individually stated they were citizens of Mexico. Agent Castillo asked them if they had any immigration documents that would allow them to be in the United States legally and they individually stated they did not have any. All seven were placed under arrest and taken to the Murrieta, California Border Patrol station for processing.

**MATERIAL WITNESSES STATEMENTS:**

Material witnesses **Juan Antonio ESPINO-Sanchez, Juan MORALES-Morales, and Roberto MORALES-Morales** agree in summary that they are citizens and nationals of Mexico illegally present in the United States. They admit to entering the United States illegally with the help of a footguide. Material witnesses, Juan MORALES-Morales and Juan Antonio ESPINO-Espino stated that they were to pay $1,200.00 to $1,600.00 (US) to be smuggled into the United States. Material witnesses **Juan Antonio ESPINO-Sanchez** was shown a photographic line up and was able to identify the defendant **Juan PEREZ-Garcia** as the driver.